[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence September 2, 1994 Date of Application September 2, 1994 Date Application Filed September 7, 1994 Date of Decision March 24, 1998
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield at Bridgeport.
Docket No. CR 92-77662.
Michael Jachimczk, Esq., Defense Counsel, for Petitioner.
C. Robert Satti, Jr., Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
The petitioner, then 28 years of age, was convicted following a trial by jury of the following crimes:
 Murder 53a-54a(a) Attempted Murder (2 counts) 53a-49; 53a-54a(a) Conspiracy to Commit Murder 53a-8; 53a-54a(a) Carrying a Pistol without a permit 29-35 (a)
He was sentenced to a term of 60 years for the murder; 20 years on each count of attempted murder, consecutive to each other and consecutive to the murder count; 5 years consecutive on the carrying a pistol without a permit, for a total effective sentence of 105 years. (A concurrent sentence was imposed on the conspiracy count).
The factual basis underlying the petitioner's convictions are as follows: On the evening of June 26, 1991, Hector Gonzalez (Gonzalez) and his wife, Valerie Falcon, drove to Seaside Park in Bridgeport with their two year old son, Hector Gonzalez, Jr., and Falcon's eight year old son, William Guisti, jr. While at the park, they met Fitzgerald Guisti (Guisti), an uncle of William Guisti, Jr. Guisti informed Gonzalez and Falcon that he was planning to drive to the east side of Bridgeport to purchase some marijuana. Gonzalez and Falcon agreed to follow Guisti in their vehicle, a Ford Bronco. The two vehicles then left the park. Gonzalez, accompanied by Falcon in the front seat and the two children in the back seat, drove the Bronco, while Guisti drove alone in his car.
Guisti, followed by Gonzalez and his three passengers in the Bronco, proceeded to the corner of Hallett and Jane Streets where several men, including Gerald Torres, Sammy Segarra, Juan Rivera, a man identified only as "Edgar" and the defendant, were congregated. Guisti pulled his car over to the side of the road to inquire whether any of the men had marijuana for sale. Gonzalez drove the Bronco past Guisti's vehicle and continued down Jane Street toward Helen Street.
Torres, in response to Guisti's inquiry, stated that he had some marijuana and told Guisti to get out of his car. As Guisti was exiting his automobile, he heard Torres yell, "that's the truck, let's do the truck," an apparent reference to the Bronco, which had just passed by and was proceeding down Jane Street CT Page 4843 toward Helen Street. Meanwhile, Gonzalez turned the Bronco around on Helen Street and was traveling back toward Jane Street in the direction of Guisti's vehicle. Torres, Segarra, Rivera, Edgar and the defendant hurriedly retrieved guns from a nearby automobile and hid behind several cars parked on the street to await Gonzalez' return.
As Gonzalez approached and passed the parked cars behind which they were hiding, the men ran out into the street and began shooting at the Bronco. One member of the group was armed with an Uzi-type machine gun and the others were carrying handguns. Guisti yelled to the group that there was a child in the Bronco, to which Torres replied, "Fuck it, keep on," and the shooting continued. The men fired about thirty-five to forty shots at the Bronco, approximately ten of which actually struck the vehicle. Three of the bullets passed through the passenger compartment of the Bronco and exited through the front windshield. William Gusiti, Jr., was fatally injured when a 9 millimeter bullet passed through his heart, lung and liver. State v. Diaz,237 Conn. 518, 521-523 (1996).
Counsel for the petitioner argues that because these offenses arose out of a single incident, it would have been appropriate to run the sentences concurrently with other instead of consecutively. He cites State v. Chicano, 216 Conn. 699 (1990) for the proposition that consecutive sentences should not be imposed for the same offense, however Chicano is readily distinguishable from this case. Chicano held it was double jeopardy to sentence the defendant for felony murder and manslaughter for the same homicide.
Diaz was convicted of separate offenses; the murder of William Guisti, Jr., the attempted murder of Valerie Valcon and the attempted murder of Hector Gonzalez. There are distinct crimes and it was not unlawful, nor inappropriate for the sentencing court to impose consecutive sentences for each offense. "A sentencing judge has very broad discretion in imposing any sentence within the statutory limits." State v.Collette, 199 Conn. 308, 320 (1986) and cases cited therein.
In arguing against a reduction, the state's attorney points to the petitioner's record which includes convictions for burglary, robbery 1st degree, possession of a shotgun, larceny and possession of narcotics with intent to sell. He further points out that these crimes were committed while the petitioner CT Page 4844 was out on bond. It is noteworthy also that one of the co-defendants (Torres) who was convicted of murder and only one count of attempted murder received an effective sentence of 85 years.
The callousness that this petitioner exhibited in cold-bloodedly killing a young child and attempting to kill two others mandates a lengthy sentence for the protection of the community. There was simply no regard shown for human life shown by the petitioner and his record shows no regard for the law or the rights of others. Reviewing this sentence in accordance with the provisions of § 942 of the Practice Book, we find it to be appropriate and not disproportionate. It is affirmed.
Klaczak, Norko and Miano, J.s, participated in this decision.